**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

VICTORIA MORRIS,                                :

                      Plaintiff,

   -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                      Defendant.                :

Case No. 3:09-cv-203

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Application for Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412(d) ("EAJA"). (Doc. 17). The Commissioner has not filed an opposition to Plaintiff's Application and the time within which to do so has passed. S.D. Ohio Civ. R. 7.2(2).

Pursuant to the EAJA, Plaintiff seeks an award of attorney fees in the amount of $4,455.00. (Doc. 17). In support of the Motion, Plaintiff's counsel has provided an affidavit which indicates that counsel spent a total of 27 hours representing Plaintiff in this matter. *Id*., Attachment 3 thereto. Plaintiff does not seek an award for costs and expenses. *Id.*

An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. §2412(d)(1)(B), any fee application be presented to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158 (1990).

A review of the procedural history of this matter is appropriate. Plaintiff filed her Complaint in this matter on May 25, 2009, seeking judicial review of the Commissioner's decision denying her applications for Social Security Disability benefits (SSD) and her application for Supplemental Security Income benefits (SSI). (Doc. 2). On March 29, 2010, I issued a Report and Recommendations recommending that the matter be remanded to the Commissioner for additional administrative proceedings. (Doc. 14). On April 20, 2010, District Judge Thomas M. Rose, noting that neither party had filed Objections to my Report, adopted my Report in its entirely. (Doc. 15). On the same date, the Clerk entered judgment accordingly. (Doc. 16). This Application followed.

As noted above, the Commissioner has not opposed Plaintiff's Application. Accordingly, there is no dispute that for purposes of the EAJA, Plaintiff is a prevailing party, that she timely filed her present Application, or that the Commissioner's position was not "substantially justified". The Court therefore turns to the reasonableness of Plaintiff's requested fee.

2

The EAJA permits an award of reasonable attorney fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The court should exclude time that is excessive, redundant, or inadequately documented. *Id.* at 433-34. Time spent on secretarial or clerical tasks is not "reasonable" if such tasks are performed by an attorney. *See Missouri v. Jenkins,* 429 U.S. 274, 288 n.10 (1989). Fees associated with training attorneys are not compensable under the EAJA when the fees were not incurred as a result of any actions or positions of the government in the litigation. *See Hyatt v. Barnhart,* 315 F.3d 239, 255 (4th Cir. 2002); *Richards v. Secretary of Health and Human Services,* 884 F. Supp. 256, 260 (N.D.Ohio 1995).

The Court has carefully reviewed counsel's affidavit and concludes that the number hours, is reasonable, particularly in light of the outcome of the matter.

The Court now turns to the amount of the requested fee.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth

Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in June, 2010, was 217.965. *See*, www.bls.gov/cpi. The common ratio of change, then, is 1.39 (217.965 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $173.75 ($125.00 x 1.39)[1]. As noted above, Plaintiff seeks an award of $4,455.00 for 27 attorney hours which counsel expended on Plaintiff's behalf in this litigation. That fee represents a fee of $165.00 per hour, which is clearly within the allowable EAJA fee of $173.75 per hour. The Court concludes that under the facts of this case, an EAJA fee of $4,455.00 is appropriate.

It is therefore recommended that Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412(d) ("EAJA"), (Doc. 17), be granted and that counsel be awarded $4,455.00 in fees.

August 17, 2010.

*s/ Michael R. Merz*
United States Magistrate Judge

---

[1] Assuming that the Court were to rely on the CPI set in May, 2009, when counsel began representing Plaintiff, the requested fee would still be allowable under the EAJA. In May, 2009, the CPI was 213.856 and the resulting acceptable hourly rate would be $171.25 (213.856 divided by 155.7 is 1.37; $125.00 times 1.37 is $171.25).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).